## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CHRISTOPHER LAMAR WILLIAMS,

    Plaintiff,

v.                        CV420-014
                          CV419-353

OFFICER PHENILLI, *et al.*,

    Defendants.

### ORDER

Christopher Williams has multiple open cases alleging violations of his constitutional rights. *See, e.g.,* Case No. CV420-014, CV419-353. Williams was granted leave to proceed *in forma pauperis* (IFP) based upon his representation that, he had filed no other lawsuits in federal court dealing with either the facts alleged in the above cases or other facts. Williams, however, lied to this Court.

As part of his complaint—due to his status as a prisoner—plaintiff answered two questions: 1) "Have you begun other lawsuits in state or federal courts dealing with the same facts involved in this action?" and 2) "While incarcerated or detained in any facility, have you brought any lawsuits in

1

federal court which deal with facts other than those involved in this action." In both of the above captioned cases, plaintiff answered "No." However, not only is the Court aware of both of the above listed cases, Williams also filed previously dismissed cases. Case No. CV419-126; CV419-277. Fed. R. Civ. P. Rule 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). And Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide" by the Rules. *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982).

Due to this misconduct, the Court directed plaintiff to file amended complaints in both the above captioned cases accurately detailing all of the cases he has filed in federal court under penalty of perjury as well as an affidavit in each case explaining why he answered "no" to the question of whether he had previously filed cases in federal court.[1] Plaintiff has filed an "Affidavit of

---

[1] Plaintiff is reminded that liars may be prosecuted. *See United States v. Dickerson*, CR608-036, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying

Truth" in Case No. CV419-353 indicating that he misunderstood the complaint requirements. Doc. 9. However, plaintiff failed to file amended complaints accurately answering the questions detailed above. As it appears that plaintiff at least attempted to comply, the Court will give plaintiff one opportunity to correct his errors. Plaintiff must file amended complaints in ***both*** cases within fourteen days from the date of this Order. No further extensions will be granted and failure to file will result in a recommendation of dismissal.

**SO ORDERED** this 9th day of April, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012 (collecting sanction cases).