IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRISTOPHER LAMAR WILLIAMS,

    Plaintiff,

v.                                  CV 419-353

OFFICER PHENILLI; 3 OTHER
UNKNOWN OFFICERS OF THE CHATHAM
COUNTY DETENTION CENTER; and
JOHN T. WILCHER,

    Defendants.

## ORDER

Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Following multiple Orders directing Plaintiff to cure his pleading deficiencies,[1] Plaintiff's Complaint is ripe for screening. For the following reasons, Plaintiff's claims are dismissed, except for those brought against Defendant Phenilli.

## I. BACKGROUND

Plaintiff asserts a claim of excessive force arising during his time as an apparent pre-trial detainee[2] at the Chatham County Detention Center. (Compl., Doc. No. 1, at 5.) He alleges that on March 31, 2019, Defendant Phenilli and three other officers hit him in the lower back, slammed him, and forcefully restrained him during booking. (Id.) These actions were taken to obtain Plaintiff's fingerprints, which he refused to give. (Id.) As a

---

[1] These Orders concerned Plaintiff's filing history and his disclosure of prior lawsuits. (See Doc. Nos. 8, 11.) As Plaintiff is proceeding IFP, his filing history is relevant under 28 U.S.C. § 1915(g). The Court is now satisfied that Plaintiff has adequately disclosed his filing history.

[2] Plaintiff does not specifically allege that he was a pre-trial detainee. However, in the request for relief section of the Complaint, Plaintiff seeks certain relief to avoid prejudice in a state criminal case that was pending at the time. (Compl. at 6.) From this – and the fact that the alleged force was used during booking – the Court infers that Plaintiff was a pre-trial detainee when the events giving rise to his Complaint occurred.

result of the force, Plaintiff's spine was allegedly injured, causing him to be unable to lie or stand properly. (Id.)

Plaintiff submitted multiple grievances in the jail's kiosk system. (Id. at 3.) He also wrote a letter to Sheriff Wilcher. (Id.) He received no response from either avenue. (Id.) Plaintiff also was allegedly denied medical treatment. (Id.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## III. DISCUSSION

*A. Sheriff Wilcher*

Plaintiff fails to state a claim against Sheriff Wilcher. The only allegations against Wilcher are that Plaintiff never received a response to his grievance letter and that Plaintiff did not receive adequate medical treatment. Failing to resolve an inmate grievance does not give rise to liability under Section 1983. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

"The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Blackerby v. McNeil, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (quoting Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter).

Neither can Wilcher be held liable on a theory of respondeat superior for either of the claims against him. Polk County v.

5

Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.")

To be liable, Wilcher must have (1) actually participated in the alleged constitutional violation, or (2) there must be a causal connection between the individual's actions and the alleged constitutional violation. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown, 906 F.2d at 671). Plaintiff has alleged neither.

B. *Unknown Officers*

Plaintiff fails to state a claim against the three unknown officers that allegedly beat him. As a general rule, fictitious party pleading is not permitted in federal courts. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). A limited exception to this rule is when the description of the defendant is "so specific as to be 'at the very worst, surplusage.'" Id. (quoting

Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Doe defendant was identified only as "Guard, Charlotte Correctional Institute." That was "insufficient to identify the defendant among the many guards employed at [the correctional institute], and the district court properly dismissed this claim." Id. Here, Plaintiff offers no description of the officers, thus his claims against them are dismissed without prejudice.

C. *Officer Phenilli*

Because the alleged excessive force occurred while Plaintiff was a pre-trial detainee, the Fourteenth Amendment provides the substantive standard. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)). The standard comes from Kingsley v. Hendrickson, and it judges the objective reasonableness of the force used. 576 U.S. 389, 395 (2015). The Kingsley Court provided six factors to help make that determination:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

7

Id. at 397, quoted in Patel v. Lanier Cnty. 969 F.3d 1173, 1178 (11th Cir. 2020).

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated a Fourteenth Amendment excessive force claim against Defendant Phenilli. Accordingly, process shall issue as to Defendant Phenilli.

### IV. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Phenilli. Instructions for service shall be entered in a companion Order. **IT IS FURTHER ORDERED** that Plaintiff's claims against the Unknown Officers and Sheriff Wilcher are **DISMISSED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE