# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER LAMAR WILLIAMS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CV419-353 |
| OFFICER PHENILLI | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Court previously approved for service Plaintiff's claim against Defendant Phenilli. Doc. 17 at 8. Because Plaintiff is proceeding *in forma pauperis*, it directed the United States Marshal to "use reasonable efforts to locate and serve Officer Phenilli." Doc. 18 at 1. The Marshal has now filed its Process Receipt and Return indicating that he was unable to locate Officer Phenilli, since "contact with the jail" revealed "there was no employee named Phenilli." Doc. 25 at 1. Ordinarily, Plaintiff would be afforded another opportunity to provide "sufficient information for the Marshal to identify and locate Defendant Phenilli." *See* doc. 18 at 1. However, Plaintiff's Complaint is subject to dismissal for his failure to keep the Court apprised of his current address in

violation of S.D. Ga. L.R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."). *See* docs. 22-24.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be dismissed for plaintiff's failure to provide the Court with an updated address.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 25th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA